[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Dulara Building investment Corporation, by writ, summons and complaint, dated December 6, 1991, brought this action against the defendants, The Boston Five Mortgage CT Page 5551 Corporation and the Boston Five Cents Savings Bank. On April 22, 1992, the complaint was dismissed as to the defendant, The Boston Five Cents Savings Bank. By revised complaint, dated November 30, 1992, the plaintiff alleged three counts against the defendant, The Boston Five Mortgage Corporation. The Boston Five Cent Savings Bank is no longer a defendant in this case. Count one of the plaintiff's complaint seeks recovery for intentional misrepresentation, count two sounds in breach of contract and count three alleges unjust enrichment. On November 4, 1993, the defendant filed its amended answers and special defenses including a claimed set-off.
With all parties present and represented by counsel this matter was fully tried to the court.
During the trial evidence was introduced to support the following facts.
The plaintiff is a Connecticut corporation with its principal office and place of business in the town of Portland, Connecticut.
The defendant is a corporation authorized to do business in Connecticut, having its principal office in Boston, Massachusetts.
Universal Development Corporation (UCC) was a Connecticut corporation engaged in the construction of a condominium complex in Durham, Connecticut. The plaintiff was a sub-contractor of UDC and supplied material and labor for UDC at several of its construction projects including Durham.
The defendant was a mortgagee of UDC and as such supplied construction funds for the Durham project.
The Durham project was underway and in the process of construction when UDC failed to make its payments under its loan agreement with the defendant. Accordingly, the defendant ceased making payments under the construction mortgage loan because of UDC's default.
The plaintiff claims that it ordered material and windows, in bulk, to take advantage of the ensuing lower prices. The plaintiff claims that it was induced to do so because of the intentional misrepresentation of the defendants. This assertion CT Page 5552 is the basis of the plaintiff's first count.
The essential elements of fraudulent misrepresentation are: "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it, (3) that it was made to induce the other party to act upon IT; (4) and the latter did so act on it to his injury." J.Frederick Scholes Agency v. Mitchell, 191 Conn. 353, 358 (1983), quoting Miller v. Appleby, 183 Conn. 51, 55 (1981). Fraudulent misrepresentation must be proven by clear and convincing evidence. J. Frederick Scholes Agency v. Mitchell, supra.
The plaintiff introduced evidence stating that it had contacted the defendants' authorized representative and had a conversation with him regarding the defendants' financing of the Durham project. The court expressly finds that the conversation amounting to nothing more than the transmittal to the plaintiff of the fact that financing for the Durham project was in place. The statement was true and did not constitute fraudulent misrepresentation.
The defendant has failed to prove, by clear and convincing evidence that the defendant made any false representations to the plaintiff, that any statement made was untrue and known to the defendant to be untrue or that the statement was made to induce the plaintiff to act on it and that the latter did so act to its injury. Judgment should enter for the defendant on count one of the plaintiff's revised complaint.
In count two of its complaint, the plaintiff alleges that it suffered damage because the defendant breached it contract with the plaintiff.
The plaintiff contends that the defendant promised to pay to the plaintiff or to UDC all sums due the plaintiff for labor and materials delivered to UDC construction site by the plaintiff.
The court expressly finds that there was no contract, express or implied, between the plaintiff and the defendant. The plaintiff bases this claim on alleged representation of the defendant's agent. The only statement made by the agent was to the effect that financing was in place and that the Durham project would go forward.
The plaintiff has failed to convince the court, by a CT Page 5553 preponderance of the credible and relevant evidence, that an offer and acceptance resulting in an actual or implied contract between it and the defendants occurred. The defendants' contract was with UDC and not with the plaintiff. UDC defaulted on its obligation to make the payments due under the construction mortgage. The defendant had no duty to make any disbursements of the loan except as to those scheduled payments due reflecting the degree of completion of the project. The court concludes that there was no contract between the parties. Any claim the plaintiff may make, as was testified to, that the bank promised to pay if UDC did not, also must fail because a contract to answer for the debts of another must be in writing to be enforceable.
The plaintiff's third count is completely without merit. Suffice to say, the defendant far from being enriched took a severe financial loss through its involvement as mortgagee.
Therefore judgment is entered for the defendant, Boston Five Mortgage Corporation, against the plaintiff, Durala Building and Investment Corporation on all three counts of the plaintiff's complaint, with costs.
SPALLONE STATE TRIAL REFEREE
Judgment entered in accordance with foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk